UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CANDACE J. HIGGINS, individually, ) <br> and as next friend of CAY. S., a minor, ) <br> ) <br> Plaintiffs, ) <br> ) <br> v. ) <br> ) <br> DEEP DISCOUNTS, LLC, et al., ) <br> ) <br> Defendants. ) | Case no. 4:18cv00084 PLC |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' motion to remand [ECF No. 11]; a motion to dismiss for lack of personal jurisdiction or failure to state a claim filed by Defendants Midea (U.S.A.), Inc., Midea America Corporation, and Pelonis Appliances, Inc. (collectively referred to as "Defendant Movants") [ECF No. 14]; Plaintiffs' motion to stay or in the alternative for leave to initiate discovery on the issue of personal jurisdiction [ECF No. 17]; and review of the record.

This case arises out of a residential fire in February 2015 that allegedly started when a space heater overheated and exploded, causing injuries to minor Cay. S., and the death of her younger sister.[1] Plaintiff Candace J. Higgins is the natural mother, "legal guardian and next friend" of minor Cay. S. and the mother of the minor decedent.[2] In November 2017, Plaintiffs filed in the Circuit Court of St. Louis City, Missouri this eight-count petition seeking monetary relief for wrongful death and personal injuries from nine Defendants: Deep Discounts, LLC; Deep Discounts Warehouse Retailer, LLC; Pelonis USA LTD; Pelonis Technologies, Inc.; Sam

---

[1] Pet'n para. 15 [ECF No. 6].

[2] Pet'n para. 1 [ECF No. 6].

Pelonis d/b/a Pelonis Heating Products; Betty Elder; and Defendant Movants.[3] Plaintiffs allege: (1) Defendants Deep Discounts LLC and Deep Discounts Warehouse Retailer, LLC (collectively referred to as "Retailer Defendants") sold the space heater in January 2015 and are liable on the basis of negligence (Count I), strict liability for design or manufacturing defects (Count II), and strict liability for failure to warn (Count III); and (2) Defendant Elder (sometimes referred to as the "Landlord Defendant") is liable for her negligent care of the premises (Count VII). For the remaining six Defendants (collectively referred to as the "Distributor Defendants" due to their alleged involvement in the distribution of the space heater), Plaintiffs allege they are liable: (1) on the basis of negligence (Count IV), strict liability for design or manufacturing defects (Count V), and strict liability for failure to warn (Count VI), as well as (2) for aggravated damages (Count VIII).

On January 18, 2018, with the consent of the other two Defendant Movants, Defendant Midea America Corporation removed the lawsuit to this Court pursuant to 28 U.S.C. § 1441 on the basis of this Court's diversity jurisdiction.[4] At this time, only Defendant Midea America Corporation has filed a disclosure of organizational interests certificate [ECF No. 2] and only Defendant Elder has filed an answer, along with a counterclaim [ECF No. 20].

### I. Plaintiffs' motion to remand and Defendant Midea America Corporation's request for discovery limited to the parties' state(s) of citizenship

Plaintiffs' pending motion to remand asks the Court to decide if remand is required because Plaintiffs properly joined three allegedly "non-diverse" Defendants: Deep Discounts, LLC, Deep Discounts Warehouse Retailers, LLC, and Elder. Plaintiffs urge the allegations in their petition demonstrate they are Missouri residents, the two Retailer Defendants are "Missouri

---

[3] Pet'n [ECF No. 6].

[4] Notice of Removal [ECF No. 1]; Consent to Removal [ECF No. 1-1].

limited liability companies, and . . . residents and citizens of the State of Missouri[,] . . . and [the Landlord Defendant] Elder [is] also a Missouri resident and citizen."[5] Defendant Midea America Corporation counters that Plaintiffs improperly sought to avoid removal by either fraudulently joining all three of the allegedly "non-diverse" Defendants or fraudulently misjoining the allegedly "non-diverse" Defendant Elder. Defendant Midea America Corporation suggests that, "to the extent that the alleged ["non-diverse"] Missouri Defendants are not defending the claims against them or participating in the litigation, their citizenship should not be considered for the purposes of determining whether diversity jurisdiction exists."[6]

As part of its response to Plaintiffs' motion to remand, Defendant Midea America Corporation asks the Court to permit "limited discovery to verify . . . citizenship."[7] In particular, Defendant Midea America Corporation points out that citizenship of a limited liability company depends on the state(s) of which every one of its members is a citizen, citing <u>Carden v. Arkoma Assocs.</u>, 494 U.S. 185, 195-96 (1990). Urging such information is not now available of record, Defendant Midea America Corporation contends the information is required to resolve the issues in the remand motion.

Without citation of authority other than Mo. S. Ct. Rule 55.25,[8] Plaintiffs assert that under Missouri law the "factual allegations of Missouri residence and citizenship" that were "not

---

[5] Pls.' suggestions support of mot. remand at 1-2 [ECF No. 12].

[6] Def. Midea Am. Corp.'s response at 5 [ECF No. 13].

[7] Def. Midea Am. Corp.'s response at 3-4 [ECF No. 13].

[8] Missouri Supreme Court Rule 55.25 provides in full:

**(a) Answer--When Filed.** A defendant shall file an answer within thirty days after the service of the summons and petition, except where service by mail is had, in which event a defendant shall file an answer within thirty days after the acknowledgment of receipt of summons and petition or return registered or certified mail receipt is filed in the case or within forty-five days after the first publication of notice if neither personal service nor service by mail is had.

timely answered" after service of process on the three allegedly non-diverse Defendants "are deemed admitted."[9] Therefore, Plaintiffs assert, "there is no reasonable basis to conduct limited discovery on the citizenship and residence" of the "non-diverse" Defendants.[10]

After considering the information provided by the state court record for this case, the proceedings before this Court, and relevant legal principles, the Court concludes it is reasonable to attempt further clarification of certain litigants' citizenship before the Court resolves the issues presented in the motion to remand. While the citizenship of the corporate Defendants,[11] Defendant Sam Pelonis d/b/a Pelonis Heating Products,[12] and Defendant Elder[13] is clear for

---

**(b) Answer to Cross-Claim and Reply to Counterclaim and Other Replies--When Filed.** If a cross-claim is filed against a party, the party shall file answer thereto within thirty days after the same is filed. A reply shall be filed within thirty days after the filing of the pleading to which it is directed. If a reply is ordered by the court, it shall be filed within twenty days after the entry of the order unless the order otherwise directs.

**(c) Effect of Filing Motions on Time to Plead.** The filing of any motion provided for in Rule 55.27 alters the time fixed for filing any required responsive pleadings as follows, unless a different time is fixed by order of the court: If the court denies the motion or postpones its disposition until the trial on the merits, the responsive pleading shall be filed within ten days after notice of the court's action; if the court grants a motion for a more definite statement the responsive pleading shall be filed within ten days after the filing of the more definite statement. In either case the time for filing of the responsive pleading shall be no less than remains of the time which would have been allowed under this Rule if the motion had not been made.

**(d) Amendments Affecting Parties in Default.** When Rule 43.01(a) requires the service of new or amended pleadings upon a party in default, the party in default shall appear and defend within the same time as is required after the original service of process of like character.

[9] Pl.'s reply mot. remand at 6 [ECF No. 16].

[10] Pl.'s reply mot. remand at 6 [ECF No. 16].

[11] A corporate litigant is a citizen of every state in which it is incorporated as well as the state where its principal place of business is located. 28 U.S.C. § 1332(c)(1). With respect to each corporate defendant, Plaintiffs' petition contains allegations of the state where each corporate defendant is a "corporation" or "company," as well as the state where each corporate defendant's principal place of business is located. See Pet'n paras. 4, 6, 8, and 9 [ECF No. 6]. Based on the relevant allegations, the corporate Defendants are citizens of Florida, New York, Pennsylvania, and Texas.

[12] In their petition, Plaintiffs allege Sam Pelonis d/b/a Pelonis Heating Products is "a . . . citizen of the State of Pennsylvania." Pet'n para 7 [ECF No. 6].

[13] In her answer, Defendant Elder admits she is a citizen of Missouri. Def. Elder's answer para. 10, filed March 20, 2018 [ECF No. 20].

purposes of this Court's diversity jurisdiction, the citizenship of each Plaintiff and of three Defendants that are unincorporated Defendants (Deep Discounts, LLC, Deep Discounts Warehouse Retailers, LLC, and Pelonis USA, LTD) is not.

"A defendant may remove a state law claim to federal court only if the action originally could have been filed there." Baker v. Martin Marietta Materials, Inc., 745 F.3d 919, 923 (8th Cir. 2014) (internal quotation marks omitted) (quoting In re: Prempro Prods. Liab. Litig., 591 F.3d 613, 619 (8th Cir. 2010)). A federal district court has original diversity jurisdiction over a state law claim filed by a citizen of one state against a citizen of a different state when the amount in controversy exceeds $75,000.00 exclusive of interest and costs. 28 U.S.C. § 1332(a)(1). To satisfy the citizenship requirement for diversity jurisdiction, there must be "complete diversity of citizenship among the litigants." OnePoint Sols., LLC v. Borchert, 486 F.3d 342, 346 (8th Cir. 2007). "Complete diversity of citizenship exists where no defendant holds citizenship in the same state where any plaintiff holds citizenship." Id. (citing Owen Equip. & Erection Co. v. Kroger, 437 U.S. 365, 373 (1978)). In a removed lawsuit, "the parties must be diverse both when [a] plaintiff initiates the action in state court and when [a] defendant files the notice of removal in federal court." Chavez-Lavagnino v. Motivation Educ. Training, Inc., 714 F.3d 1055, 1056 (8th Cir. 2013); accord Reece v. Bank of N.Y. Mellon, 760 F.3d 771, 777 (8th Cir. 2014). A removing defendant bears the burden of establishing federal subject matter jurisdiction. Baker, 745 F.3d at 923.

For individuals who are litigants, "the words 'resident' and 'citizen' are not interchangeable" for purposes of diversity jurisdiction. Reece, 760 F.3d at 777. Therefore, diversity jurisdiction may not be "based solely on an allegation [that an individual] is (or was) a 'resident' of a particular state." Id. at 778. Rather, there must be a demonstration of the state in

which each individual litigant resides or of which each individual litigant is a citizen. Id. at 777-78. Additionally, for purposes of diversity jurisdiction, the terms "domicile and citizenship are synonymous." Eckerberg v. Inter-State Studio & Publ'g Co., 860 F.3d 1079, 1086) (8th Cir. 2017). "To establish domicile, an individual must both be physically present in the state and have the intent to make his home there indefinitely." Id. (internal quotation marks omitted) (quoting Yeldell v. Tutt, 913 F.2d 533, 537 (8th Cir. 1990)). With respect to minor litigants, it is the minor's "domicile . . . that determines whether diversity jurisdiction exists," with that decision based on the state in which the minor's parents reside absent circumstances (such as emancipation of the minor) that are apparently inapplicable here. Dunlap v. Buchanan, 741 F.2d 165, 167 (8th Cir. 1984) (addressing the citizenship of a minor plaintiff whose parents lived in Arkansas while the minor resided, by placement, in a special home in Texas); Baron v. Ford Motor Co., 2012 WL 1898780, at *1 n.1 (W.D. Mo. 2012) (concluding the minor plaintiffs were citizens of Illinois because they "lived with their mother in Illinois at the time of the filing" of the lawsuit); Curry v. Maxson, 318 F. Supp. 842, 843-44 (W.D. Mo. 1970) (addressing the citizenship of an unemancipated minor plaintiff who briefly lived in Kansas and whose mother lived in Missouri); see also 28 U.S.C. § 1332(c)(2)("the legal representative of an infant . . . shall be deemed to be a citizen only of the same State as the infant"). For artificial entities other than corporations, citizenship for purposes of the Court's diversity jurisdiction is the state of citizenship of all of its members. Americold Realty Trust v. Conagra Foods, Inc., 136 S. Ct. 1012 (2016) (considering the citizenship of a real estate investment trust organized under Maryland law); Carden, supra (considering the citizenship of a limited partnership); GMAC Commercial Credit LLC v. Dillard Dep't Stores, Inc., 357 F.3d 827, 828-29 (8th Cir. 2004) (considering the citizenship of limited liability companies).

In her petition, Plaintiff Higgins alleges she is "a resident of the State of Missouri"; the mother, legal guardian and next friend of the minor Cay. S.; and the surviving natural mother of the minor who died as the alleged result of the fire.[14] To the extent Plaintiff is a plaintiff in her own right for claims relating to one daughter's wrongful death and to recover expenses incurred for the "substantial medical treatment [her other daughter] underwent," Plaintiff Higgins' allegation of residency is insufficient to establish her state of citizenship for purposes of this Court's diversity jurisdiction. See Reece, 760 F.3d at 777-78. While Defendant Midea America Corporation asserted in the notice of removal that Plaintiff Higgins "is and was, at the time of this action's commencement, a natural person residing in the State of Missouri,"[15] that allegation of the place where Plaintiff Higgins resides is not sufficient because it is qualified as based on Defendant Midea America Corporation's "information and belief."[16] Additionally, there is no allegation or other statement in the available record of the location where or with whom the minor Cay. S. resides.[17] Under the circumstances, the state of citizenship of Plaintiff Higgins as an individual Plaintiff, as well as the state of citizenship of minor Cay. S., is not clear because it is not clear (1) in what state Plaintiff Higgins resides or is a citizen, or (2) with whom or where the minor Cay. S. resides. Under the circumstances, allowing the litigants to engage in discovery

---

[14] Pls.' pet'n para. 1 [ECF No. 6].

[15] Def. Midea America Corporation's notice of removal para. 8 [ECF No. 10].

[16] Def. Midea America Corporation's notice of removal para. 8 [ECF No. 10].

[17] The record contains a copy of a petition in a separate lawsuit arising out of the same fire that is at issue in this lawsuit that was filed by the father of the minor decedent and Cay. S. in this lawsuit. See, e.g., copy of Pet'n available at ECF No. 13-1. In that petition, a plaintiff alleges that he brings the lawsuit as "the natural father, legal guardian and next friend of Cay. S., a minor" and he "is a resident of the State of Missouri." Id. para. 1. No allegation in that petition addresses where or with whom the minor Cay. S. resides. Therefore, to the extent information in that petition could clarify the minor Cay. S.'s place of citizenship for purposes of diversity jurisdiction in this case, the petition in that case does not clarify the citizenship of minor Cay. S.

to the extent necessary to ascertain the state of citizenship of Plaintiff Higgins and minor Cay S. is reasonable.

The record also reveals that two of the three unincorporated Defendants, Deep Discounts, LLC and Deep Discounts Warehouse Retailer, LLC, have not filed an entry of appearance, motion, or answer to the petition since they were served with process on January 6, 2018. Nor have Plaintiffs requested or obtained entry of a default or a default judgment against either of those two Defendants. Nor does anything available of record identify the state(s) of which each member of each of these two Defendants is a citizen. Defendant Midea America Corporation's request for an opportunity to conduct discovery to ascertain the state(s) of citizenship of each of these two non-corporate business entity Defendants is reasonable. See GMAC Commercial Credit LLC, 357 F.3d at 829 (remanding case for discovery and hearing to ascertain unincorporated litigant's citizenship for the court's diversity jurisdiction).

With respect to the third unincorporated Defendant, Pelonis USA, LTD, the record does not reflect that this Defendant either has been served with process or is otherwise before the Court.[18] With respect to the citizenship of Defendant Pelonis USA, LTD, Plaintiffs allege only that it "was a New York company, with its principal place of business in Pennsylvania, doing business in Missouri, and engaged in the business of designing, testing, manufacturing, distributing, marketing and selling the Space Heater."[19] Because it does not appear that this

---

[18] In fact, one of the documents available of record is a copy of email messages exchanged between counsel for Plaintiffs and for Defendant Movants in January 2018 that reveal Plaintiffs may dismiss the action without prejudice as to this and two other Defendants. In relevant part, a message from an attorney for the Defendant Movants confirms "that Defendants Pelonis USA, Ltd., Pelonis Technologies, Inc., and Sam Pelonis d/b/a Pelonis Heating Products have never had any involvement in the design, manufacture or sale of the model space heater at issue" and asks if those three entities can be dismissed without prejudice. See ECF No. 16-2 at 3. Plaintiffs' counsel responded, "[a]s these entities did not design, manufacture or distribute the heater, we will dismiss them without prejudice." Id. At this point, those three Defendants remain as named litigants in this case.

[19] Pet'n para 5 [ECF No. 6].

Defendant is a corporation, ascertaining its state(s) of citizenship requires information regarding the state(s) of citizenship of every one of its members.  See, e.g., Americold Realty Trust, supra; Carden, supra.  There is nothing available of record to clarify what state(s) each of the members of Defendant Pelonis USA, LTD reside in or are incorporated and located in.  Allowing the litigants to engage in discovery to ascertain the state(s) of citizenship of each of this unincorporated Defendant's members is reasonable.  See GMAC Commercial Credit LLC, 357 F.3d at 829 (remanding case for discovery and hearing to ascertain unincorporated litigant's citizenship for the court's diversity jurisdiction).

Accordingly, the Court will grant Defendant Midea America Corporation's request for limited discovery so that the six litigants now before the Court (two Plaintiffs, three Defendant Movants, and Defendant Elder) may engage in limited discovery focused on the citizenship of the five litigants discussed above whose state(s) of citizenship are unclear.  To the extent possible, the discovery efforts shall be agreed upon and coordinated so that (1) no litigant is subject to multiple discovery efforts seeking the same information and (2) issues that arise are resolved amicably to the greatest extent possible.  Plaintiffs' motion to remand will not be further considered until the parties have had the opportunity to engage in this limited discovery effort.

## II. Defendant Movants' motion to dismiss and Plaintiffs' motion to stay or for discovery limited to personal jurisdiction

Defendant Movants move to dismiss Plaintiffs' petition for lack of personal jurisdiction under Federal Rule of Civil Procedure 12(b)(2) because Defendant Movants "lack minimum contacts with Missouri and the allegedly defective product at issue here."[20]  Defendant Movants also seek dismissal of Plaintiffs' claims for negligence, strict liability, and aggravated damages against them (Counts IV through VI and VIII) under Rule 12(b)(6) for failure to state a claim

---

[20] Pet'n para 5 [ECF No. 6].

upon which relief can be granted. Defendant Movants filed two affidavits in support of their motion to dismiss.

Plaintiffs filed a motion to stay or, in the alternative, for leave to initiate discovery on the issue of personal jurisdiction. Plaintiffs ask the Court "to stay all proceedings in this action . . . including, but not limited to, the pending motion to dismiss, any case management deadlines and any Rule 26 disclosure obligations until the Court resolves the motion to remand."[21] Alternatively, Plaintiffs ask the Court to allow discovery limited to the issue of personal jurisdiction and additional time to respond to the motion to dismiss.[22]

Defendant Movants have no objection to the stay requested by Plaintiffs. Defendant Movants also are not opposed to conducting limited discovery regarding citizenship of the parties and "on the issues raised in the . . . pending motion to dismiss."[23]

Upon careful consideration, the Court will grant Plaintiffs' unopposed motion to stay proceedings until the Court resolves the motion to remand, as specified in this Memorandum and Order. The Court denies without prejudice Plaintiffs' unopposed motion to initiate limited discovery regarding personal jurisdiction.

### III. Review of the record

On review of the record, the Court finds that Defendant Pelonis Appliances, Inc. and Defendant Midea (U.S.A.), Inc., have not filed the Disclosure of Organizational Interests Certificate ("Disclosure Certificate") required by Local Rule 3-2.09. By the terms of that Local Rule, "[e]very non-governmental organizational party in a civil . . . case must file a" Disclosure

---

[21] Pls.' mot. stay or for discovery at 1-2 [ECF No. 17]; Pls.' mem. support mot. stay or for discovery at 3 [ECF No. 18].

[22] Pls.' mot. stay or for discovery at 1-2 [ECF No. 17]; Pls.' mem. support mot. stay or for discovery at 3 [ECF No. 18].

[23] Def. Movants' response Pls.' mot. stay or for discovery at 1-2 [ECF No. 19].

Certificate. Local Rule 3-2.09(A). Although the Local Rule requires the filing of the Disclosure Certificate with the filing of the organizational litigant's first pleading or entry, neither of which have been filed by Defendants Pelonis Appliances, Inc. and Midea (USA), Inc., the Court notes those two Defendants have counsel representing them in this case and they are seeking relief from the Court through their motion to dismiss. Finding it reasonable to obtain as part of the available record the information provided through the Disclosure Certificate, the Court sets a deadline by which these two Defendants file their required Disclosure Certificates.

The record discloses that Defendant Elder entered her appearance after the due date for the filing of a response to Plaintiffs' motion to remand. To give this Defendant the opportunity to respond, the Court sets a deadline for the filing of her response to that motion, which is exempt from the stay. Defendant Elder's submission of her indication whether or not she consents to the exercise of authority by a United States Magistrate Judge, which is due by April 10, 2018, as well as any action the Court needs to take regarding that submission, is also not subject to the stay. See 28 U.S.C. § 636(c), Fed. R. Civ. P. 73(b)(1), Mar. 20, 2018 docket entry.

The Court has not been able to locate in the record for this case in either this Court or the state court (1) the application of Plaintiff Higgins seeking appointment as minor Cay. S.'s next friend and (2) a court order appointing Plaintiff Higgins as Cay S.'s next friend for purposes of this lawsuit. See, e.g., Mo. Rev. Stat. § 507.110, Mo. S. Ct. Rule 52.02, Fed. R. Civ. P. 17(c). The Court gives Plaintiffs a deadline by which such documentation must be provided.

Finally, the record discloses that Plaintiffs have not yet served three Defendants. Pursuant to Federal Rule of Civil Procedure 4(m), Plaintiffs are responsible for serving the three Defendants within ninety days after the lawsuit is filed in federal court or showing good cause

why service of process did not timely occur. The stay entered by the Court will not encompass Plaintiffs' efforts to serve or otherwise resolve the case with respect to those three Defendants.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Defendant Midea America Corporation's request for limited discovery [ECF No. 13] is **GRANTED** so that the six litigants now before the Court (the two Plaintiffs, three Defendant Movants, and Defendant Elder) may engage in limited discovery focused on the citizenship of the five litigants (the two Plaintiffs and three unincorporated entity Defendants) discussed above whose state(s) of citizenship are unclear.

**IT IS FURTHER ORDERED** that the parties shall complete this period of limited discovery no later than **May 25, 2018.**

**IT IS FURTHER ORDERED** that, no later than **June 1, 2018**, Defendant Midea America Corporation shall file information showing the state(s) of citizenship of each Plaintiff and the three unincorporated Defendants discussed above.

**IT IS FURTHER ORDERED** that Defendants Pelonis Appliances, Inc. and Midea (USA), Inc. shall file their Disclosure Certificates no later than **April 16, 2018**.

**IT IS FURTHER ORDERED** that, no later than **April 16, 2018**, Defendant Elder may file her response to Plaintiff's motion to remand. If Defendant Elder files a response, Plaintiffs may file a reply no later than **April 23, 2018**.

**IT IS FURTHER ORDERED** that, no later than **April 16, 2018**, Plaintiff shall file the application and (proposed) order necessary for Plaintiff Higgins to pursue this lawsuit on behalf of and as the next friend of minor Cay. S.

**IT IS FURTHER ORDERED** that Plaintiffs' unopposed motion [ECF No. 17] is **GRANTED** so as to stay these proceedings as set forth in this Memorandum and Order and is

**DENIED without prejudice** to the extent Plaintiffs alternatively moved for leave to initiate discovery on the issue of personal jurisdiction over Defendant Movants.

**IT IS FINALLY ORDERED** that the proceedings in this case, except as set forth in this Memorandum and Order, are **STAYED** until the Court resolves the motion to remand.

_____
PATRICIA L. COHEN
UNITED STATES MAGISTRATE JUDGE

Dated this 6th day of April, 2018.