UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CANDACE J. HIGGINS, individually, ) | |
| and as next friend of CAY. S, a minor, ) | |
| ) | Case No: 4:18-cv-00084-PLC |
| Plaintiffs, ) | |
| ) | |
| v. ) | |
| ) | |
| DEEP DISCOUNTS LLC, et al., ) | |
| ) | |
| Defendants, ) | |
| ) | |

**MEMORANDUM AND ORDER**

The matter is before the Court on review of the record. On April 6, 2018, the Court issued an Order staying this case with certain exceptions (ECF No. 21). In the April 6 Order, the Court granted the parties then before the Court (Plaintiff Candace Higgins and Defendants Pelonis Appliances, Inc., Pelonis USA, LTD., Pelonis Technologies, Inc., Sam Pelonis, d/b/a Pelonis Heating Products, Midea (U.S.A.), Inc., Midea America Corp., and Betty Elder[1]) the opportunity to conduct limited discovery regarding the citizenship of Plaintiff Higgins and Cay. S. and three unincorporated entity Defendants.[2] At the time of the order, Defendants Midea (U.S.A.), Inc., Midea America Corp., and Pelonis Appliances, Inc. (collectively "Defendants") were the only defendants in the case filing and responding to motions.

The April 6 Order directed the parties to complete the limited discovery no later than May 25, 2018. In addition, the Court instructed Defendants to provide information regarding the states of citizenship of Plaintiff Higgins and Cay. S., and the three unincorporated entities by

---

[1] Ms. Elder has not joined or responded to any motions filed in this case.
[2] On July 24, 2018, the Court granted Plaintiff's counsel's Motion to Dismiss Defendants Pelonis Technologies, Inc.; Pelonis (USA), LTC; and Sam Pelonis d/b/a Pelonis Heating Products. Deep Discount LLC and Deep Discount Warehouse have not filed an answer or other responsive pleading or otherwise participated in this litigation.

June 1, 2018. The Court further ordered Plaintiff Higgins to file the application and (proposed) order necessary for Plaintiff Higgins to pursue this lawsuit as the next friend of minor Cay. S.

On April 16, 2018, Plaintiff Higgins' counsel filed a Motion for Substitution of Parties and Request for Hearing, pursuant to Rule 25 of the Federal Rules of Civil Procedure (ECF No. 22). In the motion, counsel for Plaintiff Higgins asserts that Plaintiff Higgins "passed away January 7, 2018." Counsel requests that the Court appoint Corey A. Strong, the "natural father" of decedent Cay S. and Cay S., to pursue "this matter for the wrongful death of his daughter, CAD."

On May 3, 2018, Defendant Midea (USA), Inc.; Midea America Corp.; and Pelonis Appliances, Inc. filed a Response to Plaintiffs' Motion for Substitution of Parties and Petition for Appointment of Next Friend (ECF No. 30). These Defendants consented to counsel's motion for substitution and appointment "to the extent it seeks to substitute Corey Strong ("Mr. Strong") for Plaintiff Candace A. Higgins ("Plaintiff Higgins") as the party prosecuting the wrongful death claim of Cad S."[3] Defendants expressly refused to consent to the appointment of Mr. Strong as a substitute for Plaintiff Higgins in connection with her personal injuries.

In their response to the motion for substitution, Defendants raise several other issues. More specifically, Defendants note that counsel filed multiple pleadings, including Motion to Remand, Memorandum in Support and Reply, as well as a Motion to Stay and Memorandum in Support, after Plaintiff Higgins death on January 7, 2018 (ECF Nos. 11, 12, 16, 17 & 18). Defendants contend that "any pleadings filed on behalf of Plaintiff Higgins in this matter following her death on January 7, 2018, including her Motion for Remand are procedurally deficient."

---

[3] Neither Plaintiff's counsel nor Defendants are entirely clear about their positions with respect to Cay S.'s claims.

The potential impact of Plaintiff's death extends beyond the issues Defendants raise in their Response. For instance, Plaintiff Higgins' counsel filed the Motion for Substitution, purportedly in the name of "Plaintiffs." However, at the time he filed the Motion, Plaintiff Higgins was dead, CAD S. was dead, and CAY S. was a minor unable to pursue litigation in federal or state court in her own name. To the Court's knowledge, no estate or other representative of the deceased provided Plaintiff Higgins' counsel with the authority to file the notice of death and motion to substitute. Several courts and commentators have concluded that a lawyer for a decedent is not permitted to file a notice of death and/or a motion to substitute. See Atkins v. City of Chicago, 547 F.3d 869, 872 (7th Cir. 2008); Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 598 (D. Kan. 2000); Wright & Miller, 7C Fed. Prac. & Proc. § 1955 (3d ed. 2018) ("It has been held that the attorney for the deceased party may not make the statement noting death since the attorney is not a party to the action and, since the attorney's authority to represent the deceased terminated on the death, the attorney is not a representative of the decedent of the sort contemplated by the rule.").

In addition, Defendants removed this case on January 18, 2018. At the time of the removal, although perhaps unknown to Defendants, Plaintiff Higgins had died. As the Court noted in its April 6 Order, in a removed lawsuit, "the parties must be diverse both when [a] plaintiff initiates the action in state court and when [a] defendant files the notice of removal in federal court." Chavez-Lavagmino v. Motivation Educ. Training, Inc., 714 F.3d 1055, 1056 (8th Cir. 2013); accord Reece v. Bank of N.Y. Mellon, 760 F.3d 771, 777 (8th Cir. 2014). Thus, even if Plaintiff Higgins' counsel improperly filed the Motion to Remand, the removal may be problematic on other grounds.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that Counsel for Plaintiff and for Defendants Midea (U.S.A.), Inc., Midea America Corp., and Pelonis Appliances, Inc. appear for a status conference on *August 22, 2018 at 11:00 a.m*.

**IT IS FURTHER ORDERED** that at the status conference, counsel for Plaintiff Higgins and all Defendants remaining in the case report on the status of the discovery and other matters as ordered in the April 6 Order; discuss the impact of Plaintiff Higgins' death on the validity of the removal petition; address the validity of the Motion for Substitution filed by Plaintiff Higgins' counsel; and address whether the Court may consider the Motion to Remand filed after the death of Plaintiff Higgins prior to any substitution.

```
                                    _____
                                    PATRICIA L. COHEN
                                    UNITED STATES MAGISTRATE JUDGE
```

Dated this 17th day of August, 2018