## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

CANDACE J. HIGGINS, individually, )
and as next friend of CAY. S, a minor, )
                                   )
      Plaintiff, )
                                     )     Case No: 4:18-cv-00084-PLC
v. )
                                       )
DEEP DISCOUNTS LLC, et al., )
                                       )
      Defendants. )

## MEMORANDUM AND ORDER

The matter is before the Court on Plaintiffs' Motion to Remand Case to State Court [ECF No. 11]; Defendants Midea (U.S.A.), Inc., Midea America Corporation, and Pelonis Appliances, Inc.'s (collectively referred to as "Defendant Movants") Motion to Dismiss for Lack of Personal Jurisdiction or Failure to State a Claim [ECF No. 14]; Plaintiffs' Motion to Substitute a Party and Request for a Hearing [ECF No. 22]; Mr. Strong's Motion to Intervene to be Appointed Next Friend [ECF No. 40]; and Mr. Strong's Motion to Dismiss without Prejudice [ECF No. 42].

### *I.*   *Background*

This case arises out of a residential fire in February 2015 that allegedly started when a space heater overheated and exploded, causing injuries to minor Cay. S., and the death of her younger sister Cad. S. Plaintiff Higgins was the natural mother, "legal guardian and next friend" of minor Cay. S. and the mother of the minor decedent, Cad. S. [ECF No 1-2]. In November 2017, Plaintiff Higgins, on behalf of herself, her deceased daughter Cad. S. pursuant to § 537.080 RSMo., and as next friend of her daughter Cay. S., filed an eight-count petition in the Circuit Court of St. Louis City, Missouri [ECF No. 1-2]. Plaintiffs' petition sought monetary relief for wrongful death and personal injuries from nine Defendants: Deep Discounts, LLC;

Deep Discounts Warehouse Retailer, LLC; Pelonis USA LTD; Pelonis Technologies, Inc.; Sam Pelonis d/b/a Pelonis Heating Products; Betty Elder; and Defendant Movants.[1] Plaintiffs alleged: (1) Defendants Deep Discounts LLC and Deep Discounts Warehouse Retailer, LLC sold the space heater in January 2015 and are liable on the basis of negligence (Count I), strict liability for design or manufacturing defects (Count II), and strict liability for failure to warn (Count III); and (2) Defendant Elder is liable for her negligent care of the premises (Count VII) [ECF No. 1-2]. For the remaining Defendants, Plaintiffs alleged liability on the basis of: (1) negligence (Count IV), strict liability for design or manufacturing defects (Count V), and strict liability for failure to warn (Count VI), and (2) for aggravated damages (Count VIII).

Defendant Movants removed this case to this Court on January 18, 2018 [ECF No. 1]. Plaintiff Higgins filed a motion to remand on February 16, 2018 [ECF No. 11]. On April 6, 2018, the Court issued an Order staying this case in part pending a ruling on Plaintiffs' motion to remand [ECF No. 21]. The Court granted the parties then before the Court the opportunity to conduct limited discovery. At the time of the order, Defendant Movants were the only defendants in the case filing and responding to motions.

On April 16, 2018, Plaintiffs' counsel filed a Motion to Substitute Party and Request for Hearing, pursuant to Rule 25 of the Federal Rules of Civil Procedure. In the motion, Plaintiffs' counsel stated that she "passed away January 7, 2018" [ECF No. 22]. Counsel requested that the Court appoint Corey A. Strong, the "natural father" of decedent Cad. S. and Cay S., to pursue "this matter for the wrongful death of his daughter, CAD." On May 3, 2018, Defendant Movants filed a response to the motion to substitute, noting that counsel filed multiple pleadings after

---

[1] On July 24, 2018, the Court granted Plaintiffs' counsel's Motion to Dismiss Defendants Pelonis Technologies, Inc.; Pelonis (USA), LTC; and Sam Pelonis d/b/a Pelonis Heating Products [ECF No. 33]. Deep Discount LLC and Deep Discount Warehouse have not filed an answer, a consent to magistrate judge jurisdiction, or other responsive pleading or otherwise participated in this litigation [ECF No. 36].

Plaintiff Higgins' death on January 7, 2018, including the motion to remand and the motion to substitute Mr. Strong [ECF No. 22].

On August 22, 2018, the Court held a status conference to discuss the validity of the pending motions in light of Plaintiff's death. The Court ordered Defendant Movants and Plaintiffs' counsel to file memoranda providing authority addressing the validity of the motion and other pleadings [ECF No. 38].

On August 29, 2018, Defendant Movants filed a memorandum in response to the Court's August 22 order. Defendants contended that pleadings filed by Plaintiffs' counsel after Plaintiff Higgins' death on January 7, 2018 were not properly before the Court [ECF No. 39]. Defendant Movants further argued that Plaintiffs' petition must be dismissed under Rule 25(a)(1) because Plaintiffs' counsel failed to file a valid substitution within 90 days of the notice of Plaintiff Higgins' death [Id.]. Plaintiffs' counsel did not respond to Defendant Movants' brief.

On September 7, 2018, Mr. Strong filed a motion to intervene as next friend for his daughter, Cay. S., for the limited purpose of dismissing her suit without prejudice. Defendants did not respond to the motion.

## II. Discussion

### A. Plaintiffs' Motion to Remand

Defendant Movants argue that Plaintiffs filed the motion to remand without legal authority and therefore the motion has no "legal effect" and the Court cannot consider it [ECF No. 39]. Plaintiffs' counsel did not file a response to Defendant Movants' memorandum.

In support of their argument, Defendant Movants cite principles of agency law providing that the attorney-client relationship terminates with death. See, e.g., In re Johnson, 402 B.R. 313, 314 (B.A.P. 8th Cir. 2009) (holding attorney has no authority to pursue appeal on behalf of client

3

because the attorney-client relationship terminated upon client's death); Hilsabeck v. Lane Co., 168 F.R.D. 313, 314 (D. Kan. 1996) (holding a suggestion of death filed by the decedent's counsel invalid); Kasting v. Am. Family Mut. Ins. Co., 196 F.R.D. 595, 598 (D. Kan. 2000) (holding "once a plaintiff dies, he is no longer a party to the case, and any motions filed on his behalf are tantamount to no motion at all.").

There is no dispute that Plaintiff Higgins was dead at the time her counsel filed the Motion to Remand in February 2018. There is also no dispute that no party had been substituted for Plaintiff Higgins at the time her counsel filed the Motion to Remand. In the absence of a substituted plaintiff, counsel did not have authority to file the Motion to Remand.[2] Accordingly, the Court lifts the stay and denies the Motion to Remand.

### III.    *Mr. Strong's Motion to Intervene to be Appointed Next Friend*

On September 7, 2018, Mr. Strong, the parent of Cay. S., filed a Motion to Intervene to be Appointed as Next Friend of Cay. S. [ECF No. 40]. Mr. Strong advised that he was the surviving natural father and legal guardian of Cay. S. and consented to serve as her next friend for the limited purpose of filing a proposed motion to dismiss [Id.].

Rule 17(c) of the Federal Rules of Civil Procedure governs litigation by minors without appointed representatives. It provides that "[a] minor or an incompetent person who does not have a duly appointed representative may sue by a next friend or by a guardian ad litem. The court must appoint a guardian ad litem—or issue another appropriate order—to protect a minor or incompetent person who is unrepresented in an action." Fed. R. Civ. P. 17(c).

No Defendant opposes Mr. Strong's motion. Accordingly, the Court grants Mr. Strong's request to appoint him next friend of Cay. S.

---

[2] At the August 22, 2018 status conference, Plaintiffs' counsel represented that no estate has ever been opened for Plaintiff Higgins.

## IV.    *Mr. Strong's Motion to Dismiss*

Mr. Strong, as next friend of his daughter Cay. S., moves to dismiss Cay. S.'s claims in

this action without prejudice pursuant to Rule 41(a)(2) of the Federal Rules of Civil Procedure.

Defendants have not responded to this motion.

Rule 41(a)(2) states that:

an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper. If a defendant has pleaded a counterclaim before being served with the plaintiff's motion to dismiss, the action may be dismissed over the defendant's objection only if the counterclaim can remain pending for independent adjudication. Unless the order states otherwise, a dismissal under this paragraph (2) is without prejudice.

Fed. R. Civ. P. 41(a)(2). In the absence of any objection to Mr. Strong's Motion, the Court grants

the motion and dismisses Cay. S.'s action.

With respect to the claims of Plaintiff Higgins, for her own personal injuries and for the

wrongful death of Cad. S. pursuant to § 537.080 RSMo. [ECF No. 1-2 at ¶ 1, 23]. Federal Rule

of Civil Procedure 25(a) provides that:

If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. Pro. 25(a)(1). No party has been timely substituted for Plaintiff Candace Higgins.

Accordingly, the Court dismisses Plaintiff Higgins claims.

## V.    *Defendant Elder's Counterclaim*

Defendant Elder filed a counterclaim against Plaintiff Higgins individually based on

Plaintiff Higgins' conduct as a tenant [ECF No. 20]. At the time Defendant Elder filed her

counterclaim, Plaintiff Higgins had died. [ECF Nos. 20 & 22]. Since filing her counterclaim,

Plaintiff Elder has not participated in the litigation and in particular has not objected to Plaintiff's Motion to Dismiss.

Pursuant to Rule 25(a)(1), an action against a decedent must be dismissed in the absence of a valid motion for substitution within 90 days after service of a statement noting death. As a valid motion to substitute has not been filed on behalf of Plaintiff Higgins, the counterclaim must be dismissed.

## VI. *Defendant Movants' Motion to Dismiss*

On February 28, 2018, Defendant Movants filed a motion to dismiss Plaintiffs' petition [ECF No. 14]. Defendant Movants' motion to dismiss is denied as moot.

Accordingly, after careful consideration,

**IT IS HEREBY ORDERED** that the stay of the proceedings entered on April 6, 2018 is **LIFTED;**

**IT IS FURTHER ORDERED** that Plaintiffs' motion to remand [ECF No. 11] is **DENIED;**

**IT IS FURTHER ORDERED** that Mr. Strong's Motion to Intervene to be Appointed [ECF No. 40] as Next Friend is **GRANTED;**

**IT IS FURTHER ORDERED** that Mr. Strong's Motion to Dismiss Cay. S.'s claims without prejudice [ECF No. 42] is **GRANTED;**

**IT IS FURTHER ORDERED** that all of Plaintiff Higgins' individual claims and her claim on behalf of Cad. S. pursuant to § 537.080 RSMo. are **DISMISSED WITH PREJUDICE** and Plaintiffs' motion to substitute is **DENIED AS MOOT** [ECF No. 22];

**IT IS FURTHER ORDERED** that Defendant Elder's Counterclaim [ECF No. 20] is **DISMISSED WITHOUT PREJUDICE;** and

**IT IS FINALLY ORDERED** that Defendant Movants' motion to dismiss [ECF No. 14] is **DENIED AS MOOT.**

_____

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

Dated this 2nd day of October, 2018